# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: <br><br> WHISTLER ENERGY II, LLC, <br><br> DEBTOR. | CASE NO. 16-10661 <br><br> CHAPTER 11 <br><br> Section B |

**FINAL ORDER GRANTING MOTION FOR ORDER (I) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE PURSUANT TO BANKRUPTCY CODE SECTION 366**
[Docket No. 33]

CAME ON FOR CONSIDERATION the *Motion for Order (i) Deeming Utilities Adequately Assured of Future Performance; and (ii) Establishing Procedures for Determining Requests for Additional Adequate Assurance Pursuant to Bankruptcy Code Section 366* (the "**Motion**") filed by Whistler Energy II, LLC ("Debtor") for entry of a final order ("Order") for deeming utilities adequately assured of future performance, and (b) establishing a procedure for determining requests for additional adequate assurance pursuant to section 366 of the Bankruptcy Code, and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and the Court having found that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor and its estate; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief request in the Motion after the record made by the Debtor at the

8813382v.1

hearing, and all objections to the entry of this Order having been overruled, withdrawn, or resolved pursuant to the terms of this Order, and after having given due deliberation upon the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The utilities listed on Exhibit A to this Order are deemed to have received adequate assurance of future performance by the Debtor.

3. The Court determines that a prepayment in an amount equal to one-half of the approximation of one month's work of utility service as calculated by the Debtor according to the last historical three-month period provides the Utilities "adequate assurance of payment" within the meaning of Bankruptcy Code section 366 without need for additional deposits or other security from the Debtor.

4. The following procedures are approved for determining requests by utilities for additional assurances of payment until a final adjudication by the Court on this issue:

    a. a utility that objects to the Court's determination that the Debtor has provided adequate assurance must file and serve an objection (the "**Objection**") that sets forth the highest monthly amount invoiced to the Debtor in the prior three-month period, the pre-petition amount alleged to be due and owing, and the amount of any deposit made by the Debtor prior to the Petition Date, and any argument as to why the prepayment is insufficient to provide adequate assurance of payment;

    b. this Court shall set a hearing date within thirty (30) days of the entry of an order approving this Motion, as close to the thirtieth (30th) day as possible (the "**Hearing Date**") at which time any Objection shall be considered, pursuant to Bankruptcy Code section 366(c)(3)(A). Objections must be filed and served on or before the date that is seven (7) days prior to the Hearing Date, with respect to any Utility listed on **Exhibit A** attached hereto. The Debtor may file and serve a reply to any Objection on or before the date that is two (2) days prior to the Hearing Date;

    c. in the event a utility not listed on **Exhibit A** seeks assurance, such utility must file and serve an Objection within fourteen (14) days after the date

8813382v.1

upon which it has received notice of entry of the order granting this Motion. The Debtor must serve the utilities with notice of entry of the order within two (2) business days after discovering the existence of the utility. The Court will set a hearing date no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date; and

    d. all utilities will be deemed to have been provided with adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need of an additional deposit or other security, until an order of the Court to the contrary is entered. Any utility that does not file and serve a timely and proper Objection shall be deemed to have been provided with adequate assurance of payment in accordance with Bankruptcy Code section 366.

5. The Debtor is authorized to negotiate with a utility upon the filing of an Objection by such utility concerning the resolution of such Objection. If the parties reach an agreement, the parties will file a stipulation with the Court regarding the agreement without further need for a hearing.

6. The Debtor is authorized to supplement the list of utilities in **Exhibit A** attached hereto, to add utilities not listed on **Exhibit A** but subsequently discovered, and apply the procedures set forth herein to the supplemented utilities.

7. Any utility, as well as any utility that is not listed on **Exhibit A**, that believes some additional assurance is required is precluded from terminating services to the Debtor until after that issue is resolved by this Court on a final basis.

8. The Debtor is authorized to take all necessary action necessary to effectuate the relief granted pursuant to this Order and in accordance with the Motion.

9. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10. The Debtor shall serve this Order on all parties who are required to receive notice and who will not receive such notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect.

New Orleans, Louisiana, June 13, 2016.

                                                 Hon. Jerry A. Brown
                                                 U.S. Bankruptcy Judge

# EXHIBIT A

| Utility Provider | Category | Proposed Adequate Assurance |
|---|---|---|
| LOGIX Communications | Telephone | $148 |
| Cogent Communications, Inc. | Internet | $379 |

8813382v.1

Submitted by Whistler Energy II, LLC.

**LOOPER GOODWINE P.C.**

Paul J. Goodwine (La. Bar No. 23757)
Taylor P. Gay (La. Bar No. 35140)
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone: (504) 503-1500
Facsimile: (504) 503-1501
Email: pgoodwine@loopergoodwine.com
Email: tgay@loopergoodwine.com

**LOCAL COUNSEL FOR WHISTLER ENERGY II, LLC**

AND

**GARDERE WYNNE SEWELL LLP**

John P. Melko
jmelko@gardere.com
State Bar No. 13919600
Michael K. Riordan
mriordan@gardere.com
State Bar No. 24070502
Sharon Beausoleil
Sbeausoleil@gardere.com
State Bar No. 24025245
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500

**PROPOSED COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION**