UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                          CASE NO. 16-10661

WHISTLER ENERGY II, LLC,                                                      SECTION "B"

DEBTOR.                                                                                   CHAPTER 11

**SUPPLEMENTAL MEMORANDUM OPINION**
**[RELATES TO ECF. NO. 595]**

This matter came before the court on December 12, 13, 19 and 28, 2016 as a hearing on Nabors Offshore Corporation's ("Nabors") Motion for Allowance of Administrative Expense Claim (P-354), and the objections thereto. At the same time Apollo Franklin Partnership L.P., Apollo Centre Street Partnership, Apollo Special Opportunities Managed Account, LP, Apollo Credit Opportunity Fund III AIV I LP, ANS Holdings (WE), Ltd., and Apollo Management, LP's ("Apollo") Objection to Claim 48 by Nabors Offshore Corporation (P-438) was heard. The Court issued its Order (P-594) and Memorandum Opinion (P-595). Within the Order and Memorandum Opinion the Court held open the amount of the administrative claim to be awarded to Nabors. The Parties have submitted to the Court the proposed findings and conclusions incorporated herein, with full reservation of all rights and without prejudice to their rights to request reconsideration and/or appeal of any and all parts of the Amended and Final Order to be issued upon the Memorandum Opinion and this Supplemental Memorandum Opinion.

    A.    **The Administrative Claim of Nabors**

The Court has reviewed the Opinion and as well the relevant exhibits and other evidence in connection with the submission of the findings and conclusions submitted by the parties and the proposed form of Amended and Final Order to be issued herewith. Included in the submission was a revised Exhibit 66, which is the summary of the evidence submitted by Apollo.

1

Upon review of the revised Exhibit 66, the Court has determined that the administrative priority claim under 11 U.S.C. § 503(b) to which Nabors is entitled is $897,024. Further, the remainder of the claim asserted within the Motion for Allowance of Administrative Expense Claim and as submitted to the Court during trial is classified as a general unsecured rejection damages claim in the amount of $6,070,901.98.

      **B.    The Gap Period Claim**

In the Memorandum Opinion (P-595), the Court found that the force majeure event was in effect for the entire gap period. The Court further found that during the force majeure event, no day rate was to be charged by Nabors under the drilling contract. Based upon these findings, the Court ruled that Nabors was not entitled to a gap period claim and granted the objection to Nabors' Claim 48.

Upon review of the record, and upon the submission by the parties of the findings and conclusions contained herein, the Court finds that during the gap period (March 24 through May 24, 2016), Nabors' rig was still located on the platform, and Whistler Energy II, LLC ("Whistler" or "Debtor") required the use of Nabors' additional crane, crane operator, and living quarters. These items were billed separately from the day rate under the drilling contract.[1] As such, the Court finds that Nabors is entitled to a gap period claim for amounts separately charged under the drilling contract (other than the day rate) and actually used by Whistler. In their briefing, Apollo, Whistler and the UCC agree that the Debtor used Nabors' additional crane, crane operator, and living quarters during the gap period and further agree that the Debtor owes Nabors a total of $148,800 for these services during the gap period.[2]

Accordingly, the Court grants in part and denies in part the objection to Claim 48.

---

[1] Trial Exhibit 1 at p. 1.55.
[2] Trial Exhibit 66.

Nabors is entitled to a gap period claim in the amount of $148,800 under 11 U.S.C. § 507(a)(3) and the remainder of Claim 48 will be denied.

     An Amended and Final Order of this same date shall issue and be entered as a final order reflecting the findings set forth in the Memorandum Opinion (P-595) and this Supplemental Memorandum Opinion and resolving all issues on a final basis.  The Amended and Final Order shall provide:  (i) the administrative priority claim under 11 U.S.C. § 503(b) to which Nabors is entitled is $897,024 and the remainder of the claim asserted within the Motion for Allowance of Administrative Expense Claim and as submitted to the Court during trial is classified as a general unsecured rejection damages claim in the amount of $6,070,901.98; (ii) Nabors is entitled to a gap period claim in the amount of $148,800 under 11 U.S.C. § 507(a)(3) and (iii) the remainder of Claim 48 will be denied.  The rights of all parties to request reconsideration and/or appeal of any and all parts of the Amended and Final Order to be issued upon the Memorandum Opinion and this Supplemental Memorandum Opinion and any findings and conclusions in connection therewith are and shall be reserved and preserved in all respects.

     New Orleans, Louisiana, April 17, 2017.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge